IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABEL REYES,

Plaintiff,

vs.

DR. CALVIN SCHUSTER,

Defendant.

CV F 06 0106 OWW WMW P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 1, 2006. The court has screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds that it appears to state cognizable claims for relief under 42 U.S.C. § 1983 against Defendant Schuster for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

Specifically, Plaintiff alleges that on August 12, 2002, he underwent surgery at Corcoran District Hospital. Dr. Schuster allegedly made medical errors which caused nerve damage to Plaintiff, resulting in extreme pain.

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there

must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

While neither negligence nor medical malpractice is sufficient to violate the Eighth Amendment, a plaintiff is not required to show a complete failure to provide medical treatment. Rather, "deliberate indifference" may be shown by conduct amounting to a total failure to competently treat a serious medical condition, even if some treatment is prescribed. See, Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).

While the bulk of Plaintiff's allegations detail inadequate treatment, Plaintiff does allege that Dr. Schuster "failed to totally examine me before performing a medical operational procedure." Liberally construed, such an allegation states a claim for relief.

Accordingly, it is HEREBY ORDERED that:

1. Service is appropriate for the following defendants:

   DR. CALVIN SCHUSTER

2. The Clerk of the Court shall send plaintiff one USM-285 forms one summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the complaint filed February 1, 2006.

3. Within **thirty (30) days** from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

   a. Completed summons;

   b. One completed USM-285 form for each defendant listed above; and

c. Two copies of the endorsed complaint filed February 1, 2006.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. The failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated: July 31, 2006** **/s/ William M. Wunderlich**
mmkd34 UNITED STATES MAGISTRATE JUDGE