IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABEL REYES,

        Plaintiff,                        CV F 06 0106 OWW WMW P

    vs.                                ORDER RE MOTION TO DISMISS  (DOC 14)

DR. CALVIN SCHUSTER,

        Defendant.

      Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Dr. Schuster for alleged civil rights violations that occurred while Plaintiff was housed at Pleasant Valley State Prison.  Pending before the Court is Defendant's motion to dismiss.  Plaintiff has opposed the motion.

      Plaintiff alleges that in August of 2002, he underwent surgery at Corcoran District Hospital.  Plaintiff does not specify the nature of the operation, but does allege that the Defendant, Dr. Schuster "cut me to far up [sic].  Which cause Dr. Schuster to damage my nerves.  Which now I'm in extreme pain on the right groin radiating to the right scrotum and penis and also pain on the right thigh down to knee cap."  Plaintiff does allege that in February of 2003, he was admitted to Corcoran District Hospital "to repair the hernia again on the right groin."  Presumably, a hernia repair was the procedure performed by Dr. Schuster in August of 2002.  Plaintiff alleges no conduct by Defendant after August of 2002.    The crux of Plaintiff's action is

his allegation that "Dr. Calvin Schuster clearly mis-elaborated his professional opinion from the reports in August of 2002 apparently medical Doctor Calvin Schuster a well professional license surgeon failed to totally examine me before performing a medical operational procedure." In the August 1, 2006, order finding that the complaint states a colorable Eighth Amendment claim as to Dr. Schuster, the Magistrate Judge noted that although the bulk of Plaintiff's allegations detail inadequate treatment, Plaintiff does allege that Dr. Schuster "failed to totally examine me before performing a medical operational procedure." Plaintiff's Eighth Amendment claim is that Dr. Schuster failed to examine Plaintiff before operating on him on August 12, 2002.

Defendant moves to dismiss this action as time-barred. The statute of limitations for claims brought under 42 U.S.C. § 1983 is governed by the forum state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985); Van Strum v. Lawn, 940 F.2d 406, 408 (9th Cir. 1991). In post Wilson California, that period is one year. Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704 (9th Cir. 1992). Also, while federal law determines when a cause of action accrues (see Elliott v. Union City, 25 F.3d 800, 801-02 (9th Cir. 1994)), state law determines the applicable tolling doctrines. Id. at 802; see also Hardin v. Straub, 490 U.S. 536, 543-44 (1989).

Under federal law, the limitation period begins to run when the plaintiff knows of or has reason to know of the injury that is the basis for the action. Trotter v. International Longshoreman's and Warehouseman's Union, Local 13, 704 F.2d 1141, 1143 (9th Cir. 1983). Plaintiff's Eighth Amendment claim is that Dr. Schuster, on August 12, 2002, failed to examine him before operating on him. California Code of Civil Procedure § 352.1 tolls the statute of limitations for two years during imprisonment.

On January 1, 2003, California Code of Civil Procedure § 335.1 became law. The new section extends the prior limitations period applicable to personal injury actions (and correspondingly to federal civil rights claims, *see* Wilson v. Garcia, 471 U.S. 261, 271-72, 276,

(1985)) from one year under § 340(3) to two years. *See* Cal.Civ.Proc.Code § 335.1.  Plaintiff does not benefit from this new two-year statute of limitations; since his claims herein accrued before January 1, 2003, the one-year statute governs. *See* Krusesky v. Baugh*,* 138 Cal.App.3d 562, (1982) ("[S]tatute[s][are] presumed to be prospective only and will not be applied retroactively unless such intention clearly applies in the language of the statute itself."); *see also* Landgraf v. USI Film Products*,* 511 U.S. 244, 265-66 (1994) ("[T]he 'principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal.' ). Nothing in the legislation extending California's personal-injury limitations period suggests that the California Legislature intended § 335.1 to apply retroactively, except to claims made by victims of terrorist actions on September 11, 2001. *See* Cal. Senate Bill 688, sections (c) & (d).  Abrieu v. Ramirez, 284 F.Supp.2d 1250, 1255 (C.D. Cal. 2003).  Plaintiff does not fall within this narrow exception.  The Ninth Circuit has held that § 335.1 does not apply retroactively.  Maldonaldo v. Harris, 370 F.3d 945, 955 (9th Cir. 2004).

The two year tolling period followed by the one year statute of limitations is the law in California.  Plaintiff failed to pursue his section 1983 action for over forty months.  Plaintiff's complaint is therefore barred by the statute of limitations.  In his opposition, Plaintiff makes no argument regarding Defendant's contention that this action is time-barred.  Plaintiff does request leave to amend to cure any defects.  It is clear, however, from the allegations of the complaint that Dr. Schuster's conduct occurred in August of 2002.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to dismiss is granted, and this action is dismissed as time-barred.  The Clerk is directed to close this case.

Dated: __September 27, 2007____         _____/s/ OLIVER W. WANGER_____
                                                                OLIVER W. WANGER
                                                                United States District Judge