IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABEL REYES,

    Plaintiff,　　　　1: 06 CV 0106 OWW WMW PC

vs.　　　　　　　　　ORDER RE MOTION (DOC 22)

DR. SCHUSTER,

    Defendant.

    Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983 against Dr. Schuster for alleged civil rights violations that occurred while Plaintiff was housed at Pleasant Valley State Prison. Pending before the court is Plaintiff's motion to reopen the case.

    This action was filed on February 1, 2006. On August 1, 2006, the court found that service was appropriate and directed service of process upon Defendant. Defendant responded by motion to dismiss. Defendant sought dismissal on the ground that Plaintiff's claims were time-barred. Plaintiff filed opposition to the motion.

    On September 27, 2007, an order was entered, granting Defendant's motion to dismiss. Judgment was entered pursuant to that order. On June 5, 2008, Plaintiff filed the motion that is now before the court.

In his motion, Plaintiff seeks to reopen this case on the ground that the action is not time-barred. Specifically, Plaintiff argues that he is still in pain. Plaintiff attaches as Exhibit B to his motion a document that Plaintiff contends is evidence that his claim is not time-barred. This document appears to be a consultation signed by Dr. Schuster on October 17, 2003.

A review of the record in this action reveals that Plaintiff filed opposition to the motion to dismiss. Plaintiff had adequate opportunity to address Defendant's argument in his opposition to the motion to dismiss. The court notes that Plaintiff failed to file a Notice of Appeal of this action.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Section 60(b)(2) provides for relief on the ground of newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). Plaintiff makes no such argument that addresses this standard. In the order dismissing this action, it was noted that the claim at issue accrued on August 12, 2002, when Dr. Schuster failed to examine Plaintiff before operating on him. That Plaintiff was seen by Dr. Schuster in 2003 is not relevant.

It appears that Plaintiff is seeking to re-litigate the motion to dismiss. A motion for reconsideration "is not a vehicle to reargue" previously litigated issues "or to present evidence which should have been raised before." United States v. Westlands Water District, 134 F.Supp. 2d 1111, 1131 (E.D. Cal. 2001) (citations omitted). Even had Plaintiff presented the evidence, it

would not have affected the result.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to re-open the case is denied.

IT IS SO ORDERED.

**Dated:   March 20, 2009**                              /s/ Oliver W. Wanger
                                                  UNITED STATES DISTRICT JUDGE